No. 88,401

In the Matter of DEBRA J. ARNETT, *Respondent*.

(52 P.3d 892)

Opinion filed July 12, 2002.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*Jonathan C. Becker*, of Lawrence, argued the cause for respondent and *Debra J. Arnett*, respondent, appeared *pro se.*

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator against respondent Debra J. Arnett, of Paola, an attorney admitted to the practice of law in the state of Kansas.

The formal complaint filed against the respondent alleged violations of KRPC 1.3 (2001 Kan. Ct. R. Annot. 323) (diligence and promptness); KRPC 1.4 (2001 Kan. Ct. R. Annot. 334) (communication); KRPC 1.15 (2001 Kan. Ct. R. Annot. 376) (safekeeping property); KRPC 1.16 (2001 Kan. Ct. R. Annot. 387) (terminating representation); KRPC 8.1 (2001 Kan. Ct. R. Annot. 433) (failure to respond); KRPC 8.4 (2001 Kan. Ct. R. Annot. 437) (misconduct); and Supreme Court Rule 207 (2001 Kan. Ct. R. Annot. 246).

Respondent answered, admitting violations of KRPC 1.3, 1.4, 8.1(b), and 8.4 as to Count 1 and KRPC 8.1 and Supreme Court Rule 207 and requested supervised probation pursuant to Supreme Court Rule 211(f) (2001 Kan. Ct. R. Annot. 259).

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys on October 16, 2001, in the hearing room of the Kansas Board for Discipline of Attorneys. The Disciplinary Administrator, Stanton A. Hazlett, appeared for petitioner. The respondent appeared in person and through counsel, Jonathan C. Becker.

The hearing panel admitted the exhibits submitted by the Disciplinary Administrator and the respondent. The Disciplinary Administrator called Jennifer J. Burkhart as to the merits of the complaint.

During the hearing, evidence was received regarding the respondent's mental health as it related to her practice of law. While in the course of its deliberations, the hearing panel concluded medical evidence was essential to properly consider respondent's request for probation. The hearing panel ordered respondent to submit to a complete evaluation from a licenced psychiatrist within 30 days, make the psychiatrist available for a deposition, provide a modified plan of probation incorporating the recommendations of the psychiatrist, provide written verification of the person to serve as supervising attorney, and set time schedules for response by the Disciplinary Administrator.

The respondent on November 16, 2001, provided a letter from Faye Heller, MS., CS, ARNP, CST, opining that respondent experiences major depression without psychotic features and generalized anxiety disorders but with treatment, there is no indication she cannot practice law. Taylor Porter, M.D., a psychiatrist, signed below Faye Heller's signature but was not the evaluator. No additional information was apparently submitted by the respondent, and the hearing panel found by clear and convincing evidence the following:

### "FINDINGS OF FACT

"1.  Debra J. Arnett (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 11265. Her last registration address with the Clerk of the Appellate Courts of Kansas is . . . Paola, Kansas . . . .

"2.  On June 2, 2000, Jennifer Burkhart retained the Respondent to file a motion to change custody and limit visitation. At that time, Ms. Burkhart paid the Respondent a retainer of $350.00. Ms. Burkhart sought to change custody and limit visitation, because her former husband had been convicted of child endangerment and driving under the influence. The Respondent agreed to file a motion to change custody in Miami County District Court. The Respondent assured Ms. Burkhart that she would file the motion and have Ms. Burkhart's former husband served when he returned from a treatment program.

"3.  On June 30, 2000, Ms. Burkhart informed the Respondent that Ms. Burkhart's former husband would be returning to Miami County on July 7, 2000, for a court appearance. The Respondent agreed to file the motion on July 3, 2000, and have Ms. Burkhart's former husband served while he was in Miami County.

"4.  The Respondent failed to file the motion to change custody.

"5.  Ms. Burkhart called the Respondent to find out whether her former husband had been served. Because the Respondent was not available, Ms. Burkhart

left a telephone message. On July 10, 2000, the Respondent returned Ms. Burkhart's telephone call. The Respondent falsely informed Ms. Burkhart that the motion was to have been served, but that the court did not serve the motion. The Respondent asked Ms. Burkhart for her former husband's address for purposes of service.

"6.   On July 11, 2000, Ms. Burkhart left a telephone message for the Respondent, providing the Respondent with Ms. Burkhart's former husband's address and telephone number.

"7.   Ms. Burkhart called the Respondent on numerous occasions and left telephone messages for the Respondent. The Respondent failed to return Ms. Burkhart's telephone calls. Ms. Burkhart never heard from the Respondent again.

"8.   On July 31, 2000, Ms. Burkhart called the Respondent again. Ms. Burkhart left a voice mail message indicating that Ms. Burkhart's former husband called and threatened Ms. Burkhart's current boyfriend. Additionally, Ms. Burkhart informed the Respondent that the threat was recorded on a cassette tape. The Respondent failed to return Ms. Burkhart's telephone call.

"9.   On October 11, 2000, Ms. Burkhart sent the Respondent a letter *via* certified mail. Someone from the Respondent's office signed for the letter. In the letter, Ms. Burkhart informed the Respondent of her dissatisfaction with the representation. Ms. Burkhart asked the Respondent to either file the motion or return the unearned fees. The Respondent did not respond to Ms. Burkhart's letter, did not file the motion, and did not return the unearned fees.

"10.   On November 15, 2000, Ms. Burkhart filed a written complaint with the Disciplinary Administrator's office. Thereafter, on November 21, 2000, and on January 11, 2001, the Disciplinary Administrator wrote to the Respondent, requesting a response to the initial complaint filed by Ms. Burkhart. The Respondent failed to respond to the two letters sent by the Disciplinary Administrator's office.

"11.   The matter was then referred to the Kansas Bar Association's Professional Ethics and Grievance Committee for investigation. Attorney Jeffrey Jack was assigned to investigate. On February 13, 2001, and on March 8, 2001, Mr. Jack wrote to the Respondent, requesting that the Respondent respond to the complaint filed by Ms. Burkhart. The Respondent failed to respond to Mr. Jack's requests.

"12.   On August 15, 2001, the Disciplinary Administrator filed the Formal Complaint in this matter. The hearing on the Formal Complaint was scheduled for October 16, 2001, at 9:30 a.m.

"13.   On October 16, 2001, at 9:30 a.m., the hearing was called to order. At that time, the Respondent did not appear. The Respondent appeared approximately five minutes later. At the hearing, the Respondent failed to address the Hearing Panel regarding the merits of the complaint or any feelings of remorse that she might have.

"14.   Following the hearing, in an Order dated October 18, 2001, the Hearing Panel agreed to allow the Respondent to present *medical* evidence regarding her

mental status, all in connection with possible supervised probation. In that order, the Hearing Panel ordered, in part, the following:

'The Respondent shall immediately submit to a complete evaluation by a *licensed psychiatrist*. The psychiatrist shall prepare a report of the evaluation, including his or her findings and recommendations regarding (1) whether the Respondent suffers from a mental disability, (2) whether the Respondent is currently able to practice law without causing harm to her clients, (3) what services the Respondent needs to achieve recovery, and (4) what the long-term prognosis for the Respondent is, as it relates to the continued practice of law. The report of the psychiatrist shall be filed with the Disciplinary Administrator, and distributed to the Hearing Panel on or before November 19, 2001.'

"Order, dated October 18, 2001 (emphasis added).

"15. In a letter dated November 16, 2001, but received by the Disciplinary Administrator on November 21, 2001, Faye Heller wrote to the Disciplinary Administrator regarding the Respondent. Apparently, Ms. Heller has a Master's level degree, but is not a medical doctor. While Ms. Heller had caused her report to also be signed by one 'Taylor Porter, M.D., Psychiatrist,' there was no indication that the Respondent had submitted to a complete evaluation by a licensed psychiatrist or that such specialist had prepared the subject report, all in violation of the Hearing Panel Order.

## "CONCLUSIONS OF LAW

"1. Based upon the above findings of fact, the Hearing Panel concludes, as a matter of law, that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15(b), KRPC 1.16(d), KRPC 8.1, KRPC 8.4, and Kan. Sup. Ct. R. 207(b), as detailed below:

"2. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Ms. Burkhart when she failed to timely file the custody motion. Because the Respondent failed to act with reasonable diligence and promptness in representing Ms. Burkhart, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"3. KRPC 1.4(a) provides:

'A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.'

*Id.* The Respondent failed to keep Ms. Burkhart informed regarding the status of her case. Additionally, the Respondent failed to return numerous telephone calls to Ms. Burkhart. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"4. The Respondent violated KRPC 1.15(b). That subsection provides as follows:

'Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the

client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.'

*Id.* The Respondent violated KRPC 1.15(b) when she failed to return the unearned fees to Ms. Burkhart. As such, the Hearing Panel concludes that the Respondent violated KRPC 1.15(b).

"5. KRPC 1.16(d) provides:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

*Id.* In her October 11, 2000, letter, Ms. Burkhart requested that the Respondent either complete the work or return the unearned fees. The Respondent did neither. Because the Respondent failed to return the unearned fee, the Hearing Panel concludes that the Respondent violated KRPC 1.16(d).

"6. The Respondent also violated KRPC 8.1(b). That rule provides:

'[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.'

*Id.* The Respondent failed to respond to letters from the Disciplinary Administrator's office and the attorneys assigned to investigate the disciplinary complaint. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b).

"7. KRPC 8.4 provides, in pertinent part, as follows:

'It is professional misconduct for a lawyer to:

'(a) Violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

. . . .

'(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

'(d) engage in conduct that is prejudicial to the administration of justice;

. . . .

'(g) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.'

*Id.* The Respondent violated KRPC 8.4(a), KRPC 8.4(c), KRPC 8.4(d), and KRPC 8.4(g), as detailed below:

"a. The Respondent violated KRPC 8.4(a) by violating KRPC 1.3, KRPC 1.4, KRPC 1.15(b), KRPC 1.16(d), and KRPC 8.1(b).

"b. On July 10, 2000, the Respondent falsely told Ms. Burkhart that the motion had been filed and was to be served on Ms. Burkhart's former husband. Because the Respondent provided false and misleading information, the Hear-

ing Panel concludes that the Respondent 'engage[d] in conduct involving dishonesty, fraud, deceit or misrepresentation,' in violation of KRPC 8.4(c).

"c.   The Respondent engaged in conduct that was 'prejudicial to the administration of justice,' when she failed to file the custody motion in behalf of Ms. Burkhart. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 8.4(d).

"d.   Falsely informing a client that a custody motion had been filed and failing to cooperate in a disciplinary investigation adversely reflects on the Respondent's ability to practice law. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(g).

"8.   Kan. Sup. Ct. R. 207(b) provides as follows:

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

*Id.* Kan. Sup. Ct. R. 211(b) provides, in pertinent part:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

*Id.* In this case, the Respondent violated Kan. Sup. Ct. R. 207(b) and Kan. Sup. Ct. R. 211(b) by failing to provide . . . written responses to the initial complaint and by failing to timely file a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 207(b) and Kan. Sup. Ct. R. 211(b).

## "RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated several duties: First, the Respondent violated her duty to her client to provide diligent representation and reasonable communication. Next, the Respondent violated her duty to the public to maintain personal integrity. Finally, the Respondent violated her duty to the legal profession to maintain personal integrity.

"*Mental State*. The Respondent knowingly violated her duties.

"*Injury*. Ms. Burkhart suffered actual injury as a result of the Respondent's misconduct. To date, no motion to change custody has been filed in behalf of Ms. Burkhart.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be

imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"*Prior Disciplinary Offenses.* The Respondent was previously informally admonished on May 5, 1999, for violating KRPC 1.1, KRPC 1.3, and KRPC 1.4. *See* Exhibit F.

"*Dishonest or Selfish Motive.* The Respondent engaged in dishonest behavior when she provided false and misleading information to Ms. Burkhart.

"*Multiple Offenses.* The Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.15(b), KRPC 1.16(d), KRPC 8.1(b), Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 211. As such, the Respondent committed multiple offenses.

"*Vulnerability of Victim.* Generally, domestic relations clients are vulnerable. Ms. Burkhart is no exception.

"*Substantial Experience in the Practice of Law.* The Respondent was admitted to the practice of law in the state of Kansas in 1982. At the time the Respondent committed the misconduct, the Respondent had been practicing law for 18 years. As such, the Hearing Panel concludes that the Respondent has substantial experience in the practice of law.

"*Indifference to Making Restitution.* Prior to the hearing held on this matter, the Respondent has made no attempt to provide restitution to the victims.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found no mitigating circumstances present.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered Standard 4.42(a). That standard provides, in pertinent part:

'Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.'
*Id.*

"The primary aim of the disciplinary process is to protect the client public of this state from abuses related to violations of the Kansas Rules of Professional Conduct by attorneys. In the instant case, the Respondent admits to mental illness which has rendered her unable to serve her clients and to respect and honor the rules of the Kansas Supreme Court pertaining to the discipline of attorneys.

"The Respondent was disciplined by way of informal admonition for similar violations on May 5, 1999, at which time she claimed to be suffering from depression for which she was then purportedly receiving treatment. It is apparent that the Respondent's mental illness is ongoing and not responding to her current efforts at treatment.

"The Hearing Panel cannot recommend that the Respondent be permitted to continue in the active practice of law while suffering from a disabling mental illness that has not responded to treatment for a number of years. No amount of supervision by another attorney under a plan of probation can assure the client public of this state the protection owing by the disciplinary process.

"The Hearing Panel unanimously recommends that Respondent be suspended from the practice of law in the state of Kansas for a period of one year. The Hearing Panel also recommends that, prior to reinstatement, the Respondent undergo a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219. At the reinstatement hearing, the Respondent should be required to establish that she has received the appropriate professional help to enable her to prevent a repeat of the misconduct present in this case.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

Respondent did not object to the findings of fact and conclusions of law which, pursuant to Supreme Court Rule 212(d) (2001 Kan. Ct. R. Annot 263), are deemed to be admitted. Respondent informed the court she had voluntarily stopped practicing law effective January 1, 2002, and requested the imposition of the recommended discipline of the hearing panel be effective as of that date.

The court, having considered the record herein, the report of the hearing panel, and the arguments and statements of counsel, concurs in the findings, conclusions, and recommendation of the panel. While a minority of the court would begin the period of suspension as of January 1, 2002, as the respondent requests, the majority of the court finds the suspension period should commence on the date this opinion is filed.

IT IS THEREFORE ORDERED that Debra J. Arnett be suspended from the practice of law in the State of Kansas for a period of 1 year, effective the date of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2001 Kan. Ct. R. Annot. 224).

IT IS FURTHER ORDERED that in the event respondent should seek reinstatement, she shall be subject to all reinstatement requirements of Supreme Court Rule 219 (2001 Kan. Ct. R. Annot. 285), including establishing that she has received the appropriate professional help to enable her to prevent a repeat of the misconduct present in this case.

IT IS FURTHER ORDERED that respondent comply with Supreme Court Rule 218 (2001 Kan. Ct. R. Annot. 276), that the costs of these proceedings be assessed to the respondent, and that this opinion be published in the official Kansas Reports.